IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EDDIE BAKER, JR.,

      Petitioner,

v.

MATTHEW MARSKE,

      Respondent.

OPINION AND ORDER

Case No.  19-cv-577-wmc

---

Petitioner Eddie Baker, Jr., is currently in the custody of the United States Bureau of Prisons at the Federal Correctional Institution in Oxford, Wisconsin ("FCI Oxford"). Before the court for preliminary review is Baker's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Baker seeks relief under *Rehaif v. United States*, -- U.S. --, 139 S. Ct. 2191 (2019), holding that the government must prove a defendant knows that he belongs to a group covered under the statute barring possession of firearms to sustain a conviction under 18 U.S.C. §§ 922(g)(1), 924(a)(2).  This case is now before the court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which applies to petitions brought under § 2241.  Rule 4 requires the court to dismiss that petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  For the reasons that follow briefly, the court must deny Baker's petition since it plainly appears that he is not entitled to relief under *Rehaif*.

1

BACKGROUND[1]

In 2001 Baker was charged in the Eastern District of Wisconsin with shooting at multiple individuals in violation of 18 U.S.C. § 922(g)(1).  *United States v. Baker*, No. 01-cr-84 (E.D. Wis. filed Apr. 24, 2001).  After a three-day jury trial, he was convicted of that charge.  Following Baker's conviction in the Eastern District of Wisconsin, Judge Clevert imposed a 327-month sentence.[2]

As reflected in the length of his federal sentence, Baker was classified as an armed career criminal under 18 U.S.C. § 924(e), based on several prior Illinois convictions.  Among his predicate convictions were:  unlawful use of a weapon, two convictions for unlawful use of a weapon by a felon, aggravated assault, two convictions for drug offenses and three convictions for armed robbery.  *See Baker*, No. 17-cv-136-wmc, dkt. ##1-1, #1-2.

OPINION

Ordinarily, a federal prisoner challenging his conviction or sentence must do so on direct appeal or in a motion filed under 28 U.S.C. § 2255 in the district where he was convicted.  *Unthank v. Jett*, 549 F.3d 534, 534-35 (7th Cir. 2008); *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).  However, a prisoner in petitioner's situation who has

---

[1] Baker is also serving a concurrent state sentence from an incident in November of 2000 for conduct arising out of the same incident.

[2]  The court draws the following facts from Baker's petition in this proceeding, as well as the facts set forth in a previous § 2241 petition before this court, *Baker v. Williams*, No. 17-cv-136-wmc, and the facts set forth by the Court of Appeals for the Seventh Circuit in resolving Baker's 2016 request to file a successive § 2255 motion, *Baker v. United States*, No. 16-2364, slip op. at 2 (7th Cir. June 29, 2016).

already filed a § 2255 motion, may only pursue relief under § 2241 if he can satisfy the mandates of § 2255's so-called "savings clause" under 28 U.S.C. § 2255(e).

To invoke the savings clause, a prisoner must show three things: (1) he is relying on a new statutory-interpretation case, rather than a constitutional case; (2) he is relying on a retroactive decision that he could not have invoked in his first § 2255 motion; and (3) "[the] sentence enhancement [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citations omitted) (internal quotation marks omitted); *see also Light v. Caraway*, 761 F.3d 809, 812-13 (7th Cir. 2014); *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012); *United States v. Prevatte*, 300 F.3d 792, 799-800 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 610-11 (7th Cir. 1998). Baker's petition satisfies the first element, since the *Rehaif* decision involved statutory interpretation. As for the second element, there is a legitimate question as to whether *Rehaif* is retroactive. On one hand, the Court of Appeals for the Eleventh Circuit had held that *Rehaif* is not retroactive and denied post-conviction relief under 28 U.S.C. § 2255 is not available. *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (holding that *Rehaif* did not announce a new rule of constitutional law, but rather clarified the requirements of 18 U.S.C. §§ 922(g), 924(a)(2)). On the other hand, other court of appeals, including the Seventh Circuit, have yet to address this specific question, and respondent has suggested, in another case in this district court, that claims under *Rehaif* should be brought under § 2241. *See Boose v. Marske*, No. 17-cv-303-jdp, 2019 WL 4393077, at *2 (W.D. Wis. Sept. 13, 2019). However, the

3

court need not resolve the question of retroactivity since it is apparent that Baker cannot show he suffered a miscarriage of justice.

Baker claims that he is innocent of violating § 922(g)(1) because he did not believe he was prohibited from possessing a firearm and no one ever told him that he could not possess firearms.  For that reason, he argues the government would not have been able to prove that Baker knew he was prohibited from possessing a firearm.  However, the Supreme Court did not conclude in *Rehaif* that the government had to prove that the defendant had knowledge that he was *prohibited from possessing* a firearm, only that the defendant knew he was *within a category of persons* prohibited from possessing a firearm.  *See id.*, 139 S. Ct. at 2200.  Placing this standard in Baker's context, the government would be required to prove only that Baker knew he had "been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year."  § 922(g)(1).

Baker neither suggests nor can he credibly claim that any of his convictions leading up to the November 2000 shooting did not carry a sentence of less than a year, nor does he suggest that he was unaware of those convictions in 2000 when he committed his crime of conviction in Case No. 01-CR-84.  *All* Baker claims is that he was unaware he could be charged by the federal government for possession of a firearm and no one told him he was not allowed to possess firearms.  However, as discussed, neither of these claims raises a legitimate question as to the government's ability to prove that Baker was aware that he was in a category of persons prohibited from possessing a firearm.  To the contrary, the fact that Baker had already been convicted *twice* for being a felon in possession of a firearm makes it beyond all peradventure that he *knew* of his past convictions of at least two crimes

punishable by longer than one year. *See, e.g., United States v. Gilcrest*, 792 F. App'x 734, 739 (11th Cir. Nov. 25, 2019) (finding, on plain error review, that the record of the criminal proceedings showed that "at the time of the offense, [defendant] knew he had been convicted of a crime punishable by more than a year in prison because he had served more than a year in prison on more than one occasion. He also had a prior conviction for possessing a firearm as a felon, which was enough on its own to inform him of his status."). Accordingly, it would be wholly unreasonable to conclude that *Rehaif* provides a basis for relief under § 2241.

Under Rule 11 of the Rules Governing Section 2254 Cases (which can be applied to cases under § 2241 as well), the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Since Baker has failed to make a plausible argument that he was unaware of his past convictions for crimes punishable by imprisonment for a term exceeding one year, the court will not issue petitioner a certificate of appealability.

ORDER

IT IS ORDERED THAT:

1. Petitioner Eddie Baker Jr.'s petition under 28 U.S.C. § 2241 is DENIED.

2. Petitioner's motion for bond (dkt. #2) is DENIED as moot.

3. No certificate of appealability will issue.

Entered this 28th day of May, 2020.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge

6